IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., a foreign Corporation<br><br>        Plaintiff,<br><br>vs.<br><br>BIG BUSH FARMS LLC, an Oregon limited liability company, BOONES FERRY BERRY FARMS, LLC, and Oregon limited liability company, PAVEL SNEGIREV, KSENIA SNEGIREV, and MYRON SNEGIREV<br><br>        Defendants. | Case No. 6:19-cv-1725-MK<br><br>**OPINION AND ORDER** |

AIKEN, District Judge:

United States Magistrate Judge Mustafa Kasubhai issued his Findings and Recommendation ("F&R") in this declaratory judgment action on April 7, 2020. Doc. 35. In the F&R, Judge Kasubhai recommended granting plaintiff American Family Mutual Insurance Company's ("AFMIC") Motion for Summary Judgment (doc. 23)

Page 1 – OPINION AND ORDER

and denying Boones Ferry Berry Farms, LLC, and the Snegirevs' Motion for Partial Summary Judgment (doc. 26).[1] Doc. 35 at 8. At issue is plaintiff's duty to defend and duty to indemnify defendants in an ongoing state court contract action. *Id.* at 3. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Defendants filed timely objections (doc. 37) to which plaintiff responded (doc. 38). When a party objects to a magistrate judge's F&R that party is entitled to *de novo* review by the District Court of the specified proposed findings or recommendations to which they objected. 28 U.S.C. § 636(b)(1); *Branch v. Umphenhour*, 936 F.3d 994, 1002 (9th Cir. 2019); *Dawson v. Marshall,* 561 F.3d 930, 932 (9th Cir. 2009).

Defendants claim that Judge Kasubhai misapplied Oregon contract law. Doc. 37 at 2. They contend that since the terms of their insurance policy are at least ambiguous the policy must be construed in their favor, and Judge Kasubhai should have recommended that this Court enter a judgment declaring that plaintiff has a duty to defend the Snegirev defendants in the state contract action. Doc. 37 at 3 (citing *Bresee Homes Inc., v. Farmers Ins. Exch.*, 353 Or. 112, 117, 939 P.2d 608 (2012)). As to the duty to indemnify, defendants contend that the ambiguity pointed out in their duty to defend argument reveals a triable issue of fact that makes summary judgment inappropriate. Doc. 37 at 3 (citing *Jones v. Gen. Motors Corp.*,

---

[1] Big Bush Farms, LLC, is also a defendant in this action. Big Bush Farms did not file a motion for summary judgment or objections to the F&R. In this Opinion, "defendants" refers only to defendants Boones Ferry Berry Farms, Pavel Snegirev, Ksenia Snegirev, and Myron Snegirev and does not include defendant Big Bush Farms.

Page 2 – OPINION AND ORDER

325 Or. 404, 413, 939 P.2d 608 (1997)).  After reviewing the objections, the F&R, and the summary judgment record, I agree with Judge Kasubhai that there is no plausible ambiguity which would trigger the rule of construction that they assert Judge Kasubhai should have applied.

Plaintiff's motion raised the following threshold issue: whether the loss of use of cannabis plants falls within the policy's provision that property damage "does not mean physical injury to . . . cannabis plants."  Doc. 27 Ex. 2 at 36.  Judge Kasubhai determined that, under the policy, "property damage" and "physical injury" were synonymous, and therefore "loss of use" was a subset of each.  Doc. 35 at 6–7.  As a result, Judge Kasubhai concluded that "the Policy excludes coverage for loss of use of industrial hemp as alleged in the [underlying state action]."  *Id.* at 7.

Although defendants are correct that Oregon has adopted a construe against the insurer rule, they are not entitled to the benefit of that rule unless unresolvable ambiguity remains at the end of a three-step process.  *Emps. Ins. v. Tektronix. Inc.*, 211 Or. App. 485, 515, 156 P.3d 105 (2007) (quoting *Hoffman Const. Co. v. Fred S. James & Co.*, 313 Or. 464, 470, 836 P.2d 703 (1992)).  Specifically, under Oregon law, a court must (1) "examine the text of the policy to determine whether it is ambiguous, that is, whether it is susceptible to more than one *plausible* interpretation[;]" (2) "examine the disputed terms in the broader context of the policy as a whole[;]" and (3) only if ambiguity remains, "construe the policy against the drafter."  *Emps. Ins.*, 211 Or. App. at 515 (citing *Hoffman*, 313 Or. at 469–70) (emphasis added).

Oregon courts adopted the third step to prevent sophisticated insurance companies from using obscure boilerplate to their benefit. *See N. Pac. Ins. Co. v. Hamilton*, 332 Or. 20, 26, 22 P.3d 729 (2001). Yet determining the intent of the parties is the primary question here. *See First Mercury Ins. Co. v. Waterside Condominium Ass'n*, No. 3:12-cv-02348-ST, 2013 WL 636383883, at *7 (2013 D. Or. Dec. 5, 2013) (reviewing nearly 3 decades of Oregon case law). Only "[i]f two or more *plausible* interpretations still remain, [do] we construe the term against the drafter and in favor of the insured." *Epps ex rel Epps v. Farmers Ins. Exch.*, 295 Or. App. 385, 389, 434 P.3d 496 (2018) (quoting *Dewsnup v. Farmers Ins. Co.*, 349 Or. 33, 40, 239 P.3d 493 (2010)) (emphasis added). Judge Kasubhai appropriately examined the text of the disputed provision first and correctly determined that it was not ambiguous; the policy excludes coverage for loss of use of cannabis plants. Doc. 35 at 7. Having reached that conclusion, there is no need to proceed to the second or third step. *Emps. Ins.*, 211 Or. App. at 515.

Since the policy excludes coverage for loss of use of cannabis plants, the allegations in the state action also do not trigger the duty to indemnify. Doc. 35 at 8. After reviewing these objections *de novo*, I find no error in Judge Kasubhai's finding that plaintiff never contracted to defend or indemnify against the loss of use of cannabis plants and are therefore entitled to summary judgment.

Finally, after reviewing the record and F&R, I find no clear error in the portions of the F&R to which the parties did not object. For these reasons, I ADOPT Magistrate Judge Kasubhai's F&R. Doc. 35. Plaintiff's Motion for Summary

Judgment (doc. 23) is GRANTED and defendants' Motion for Partial Summary Judgment (doc. 26) is DENIED.

IT IS SO ORDERED.

Dated this 29th day of July 2020.

/s/ Ann Aiken
Ann Aiken
United States District Judge